ROSENBAUM REALTY COMPANY, A PARTNERSHIP, PLAIN-
TIFF, v. AMERICAN SAVINGS BANK, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided July 29, 1977.

Mr. *Michael M. Rosenbaum* for plaintiff (*Messrs. Budd, Larner, Kent, Gross, Picillo* and *Rosenbaum*, attorneys).

Mr. *Joseph E. Irenas* for defendant (*Messrs. McCarter & English*, attorneys).

DWYER, J. S. C. The matter before the court for decision supports the soundness of the suggestion in 29 *N. J. Practice* (*Cunningham and Tischler, Law of Mortgages*), § 163 at 725 (1975) that "every well-drawn New Jersey real estate mortgage will contain a clause providing expressly that the mortgagor will not claim any credit against the interest payable on the mortgage debt for taxes paid, or a provision that 'no deduction shall be made from the taxable value of the lands by reason of the mortgage,' " for in this action Rosenbaum Realty Company, a New Jersey partnership (Rosenbaum), seeks a judgment declaring that under the mortgage held by American Savings Bank, a New York corporation (American) Rosenbaum is entitled to a credit against interest due on the debt secured by said mortgage equal in amount to the unpaid principal of the original debt of $275,000 multiplied by the tax rate of the Township of Maplewood for the years in question under the provisions of *N. J. S. A.* 54:4-33.

American has moved for summary judgment on the ground that each of the three exceptions in the aforementioned statute for a denial of said credit against interest is applicable and hence no credit is available to Rosenbaum.

The primary ground for American's motion is that under present New Jersey tax law, no tax is imposed upon any intangible personal property in the form of mortgages, *N. J. S. A.* 54:4–1 *et seq.,* and hence the language in *N. J. S. A.* 54:4–33 that grants a credit for taxes paid against interest due "except * * * where the mortgage is an investment of funds not subject to taxation" means Rosenbaum is not entitled to the claimed credit. American's other contentions require construction of the language of the particular mortgage and will be considered after disposition of the primary ground for the motion.

Both American and Rosenbaum have resorted to the history of the tax laws of New Jersey to support their respective positions because neither side found any controlling New Jersey decision.

Before considering the history of the tax laws, the court shall briefly set forth the factual history of the mortgage loan in question about which there is no dispute; hence, the matter is appropriate for resolution by summary judgment.

In 1969 Segal Realty Corporation, a New Jersey corporation (Segal), owned land and a building in Maplewood, New Jersey. In that year, Segal borrowed $275,000 from American, giving its note secured by a mortgage on said lands and building.

The note and mortgage were prepared on American's forms and approved by a New Jersey attorney.

In September 1969 Segal sold the subject premises to Rosenbaum and conveyed by a deed which recited:

Conveyance is made subject to; * * * (2) a mortgage held by American Savings Bank in the original amount of $275,000.00 which the Grantees assume and agree to pay in accordance with the terms thereof. * * *

██ Under the holding in *Herbert v. Corby,* 124 *N. J. L.* 249 (Sup. Ct. 1940), aff'd o. b. 125 *N. J. L.* 502 (E. & A. 1940), American acquired a direct cause of action against Rosenbaum on the mortgage as a third-party beneficiary, and hence Rosenbaum has standing to bring the action for declaratory judgment. But see, 29 *N. J. Practice (Cunningham and Tischler Law of Mortgages),* § 134 (1975), *"Grantee 'Assumes the Mortgage'* — *Rights of Mortgage Holder,"* for discussion (at 616) of possibly different rights against a grantee where the debt is evidenced by a bond and note in respect to a deficiency.

There is no dispute that Segal paid all interest and taxes without claiming a credit. It is likewise agreed that until April 1976 Rosenbaum did likewise. In April 1976 Rosenbaum corresponded with American seeking to claim the credit. American asserted that if the credit was claimed, it would declare a default and seek foreclosure. Thereafter Rosenbaum commenced this action, seeking recovery of the dollar equivalent of the credit, restraint against foreclosure and a declaratory judgment.

Although reference to some decisions before 1877 is helpful to understand the developments that led to the present language found in *N. J. S. A.* 54:4–33, the practical starting point for legislative history is the *Revision of* 1877, beginning at 1139, "Taxes."

In *State, Montgomery, pros. v. Trenton,* 40 *N. J. L.* 89 (Sup. Ct. 1878), plaintiff sought to have deducted from the assessed value of all of his real and personal property for taxation in 1876 a debt of $10,000 secured by a mortgage on real estate held by trustees of the State Public School Fund. The deduction was disallowed. The court set forth the citation to the applicable laws in terms of the *Sessions Laws* and page references to the *Revision of* 1877.

This deduction is claimed under section twenty of the act concerning taxes, passed April 11th, 1866, which enacts "that after making the valuation of the real and personal estate for which an individual shall be assessed, it shall be lawful for the assessor, or for

the commissioners of appeal in cases of taxation, to deduct from such valuation any debt or debts *bona fide* due and owing from such individual to creditors residing within the state," &c. *Rev.*, *p.* 1157.

\* \* \* \* \* \* \* \*

The only material inquiry is, whether the deduction for debts, allowed in the twentieth section of the act of 1866, is applicable to a debt secured by bond and mortgage held by the trustees for the support of public schools of New Jersey.

The second section of the above act enacts "that all real and personal estate within this state, whether owned by individuals or by corporations, shall be liable to taxation at the full and actual value thereof," &c. The twentieth section, allowing debts to be deducted, is therefore an exception to the comprehensive terms of the second section. As such exception it is subject to the rule of strict construction which obtains in all cases where exemption or deduction is claimed from assessments of taxes for public purposes. \* \* \*

By the words of the twentieth section, all debts may not be deducted, but only such as are due to creditors residing in this state. The creditor of the prosecutor in this case, to whom the debt is due and owing, is the State of New Jersey, represented by the trustees for the support of public schools. As such trustees, they have no individual ownership or property in this debt, secured by bond and mortgage. They are public agents, and not the trustees of private property. The debt represents so much of the state funds raised, received and held for a special purpose, and invested by authority of law, which these trustees are required to administer, apportion and distribute, according to the express direction of the statute by which they are appointed. *Rev.*, p. 1081, § 65, &c. [40 *N. J. L.* at 89, 90, 91]

The court stated that the State Public School Fund was immune from taxation. The court concluded:

\* \* \* It is evident that the construction which the prosecutor claims, was not in the mind of the legislature when we consider the cause of allowing the exemption. It was to take the tax off one and put it upon another. It is commonly thought that the taxation of debtor and creditor is double taxation, and it is a popular doctrine that a person's debts should be deducted to ascertain the amount of his taxable property. Whether this is a correct principle of assessment is doubtful, but the legislature have acted upon it in passing this act, which allows the deduction of debts when the creditor resides in the state, and is taxable here. If the debtor is allowed to take from the valuation of his property the amount he owes to another, the legislature intended that the creditor should pay tax for the amount thus deducted, as part of his taxable property. This could not be done when the creditors were non-resident, hence the limitation to debts due to creditors residing within the state, and taxable here.

It is manifest that there was no purpose to release the debtor unless the tax could be collected from the creditor. It was the intention to tax all property within the state. Either the debtor must pay the full tax for the property he holds, or, if he claim a deduction for his debts, he and his creditors together must pay the tax. If it was the intention to exempt the borrower of state funds from taxation to the amount of his loan, and withdraw from the taxable property of the state the large sum represented by the school fund, there should have been some clear expression of such purpose, and it should not be left to doubtful interpretation. * * * [40 N. J. L. at 91–92]

In *State, Davison, pros., v. Silvers*, 41 *N. J. L.* 505 (Sup. Ct. 1879), a similar result was reached. In this case the court stated:

* * * This statute [*Rev. p.* 1163] does not enact that all mortgages upon realty may be deducted from the value of the land at the instance of the land owner, nor does it in terms define what class of them shall have such quality. Its expressed and primary object is to grant to mortgagees exemption from taxation in respect of their mortgages, and, of course, it must have been intended to apply only to those mortgages which before were ratable. A condition annexed to this grant is that the land owner shall not claim a deduction of the amount of the mortgage from the value of his land. Now, before this statute, the land owner had no right to make the claim here indicated; he was taxable on the full and actual value of his land. *Rev. p.* 1163, *pl.* 114, and *p.* 1150, *pl.* 61. It therefore became necessary, in construing this statute so as to give effect to the whole intent of the legislature, to decide that in this condition there was implied a right on the part of the land owner to insist that he should be taxed on the value of his equity of redemption merely; otherwise the condition would be wholly meaningless. It is by force of this implication alone that the land owner possesses any title to deduction. But, clearly, this implied right cannot be extended beyond the range of the condition out of which it arose, the class of cases which that condition affects; and it is also plain that the condition is confined to the subject matter of the grant, for the very purpose of a condition annexed to a grant is to defeat the operation of the grant in certain cases where, without the condition, the grant would take effect. Hence, as the grant of exemption related only to mortgages which, but for this statute, would be taxable against the mortgagees, the condition could apply to none others, and the land owner's right implied therein must be equally limited. [41 *N. J. L.* at 508–509]

This court makes reference to the opinion in *Appleby v. East Brunswick*, 44 *N. J. L.* 153 (Sup. Ct. 1882), to emphasize the tax laws in question were designed to tax either the mortgage debt or its equivalent in real estate, and practical necessity forced the assessments to be made in the municipality where the real estate was located.

The prosecutors further contend that, if the assessment be not wholly illegal, it is on a larger sum and for a larger amount than the law will justify, because the mortgaged premises are of less value than the sum mentioned in the mortgages.

In the case before cited, the court says that the liability of the owners of mortgages to taxation did not originate in the act of 1876. Taxation on money secured by mortgage was imposed by the act of April 11th, 1866, under which the tax was assessed against the owner of the mortgage at the place of his residence. By the act of 1876, the place of taxation is made the township or city in which the mortgaged premises are situated. If the mortgaged premises are located in a municipality in which the owner of the mortgage does not reside, and deduction is there claimed by the mortgagor and allowed, the tax will be assessed by the assessor of that municipality against the mortgage-owner on the whole amount of the mortgage debt. In such case the place of assessment and payment of tax is changed, but the sum on which assessment is made remains the same.

By examining the act of 1876, it will be seen that the subject matter of taxation is the *mortgage debt*. The language is, "that, hereafter, no mortgage or *debt secured thereby* shall be assessed for taxation, unless a deduction therefor shall have been claimed by the owner of the land and allowed by the assessor, and that such mortgages or *debts secured thereby* as shall be subject to taxation shall be assessed for taxation by the assessor making the deduction on account thereof, and the tax thereon shall be collected by the collector of taxes in and for the township or city wherein the lands in the mortgages described are situate."

In this case the mortgage debt was $19,000, and the prosecutors were properly assessed on that sum. [44 N. J. L. at 154–155]

The *Revision* of 1877 (*Revision*) was intended by the Legislature to place in one collection the then applicable statutory law.

Paragraph 61 of the *Revision* (at 1150) provided in part:

That all real and personal property estate within this state, whether owned by individuals or corporations, shall be liable to taxation at the full and actual value thereof * * *.

Paragraph 63 of the *Revision* (at 1151) provided in part:

That the term personal estate, as used in this act, shall be construed to include goods and chattels of every description, including steamboats and other vessels, money, debts due or owing from solvent debtors, whether on contract, *note, bond, mortgage* or book account, public stocks and stock in corporations, whether said personal estate be within or without this state. (Emphasis supplied).

Paragraphs 65 and 66 of the *Revision* (at 1152 to 1153) provided in what municipality the taxes were to be assessed and collected for residents and non-residents.

Paragraph 78 of the *Revision* (at 1157) provided in part:

That after making the valuation of the real and personal estate for which any individual shall be assessed, it shall be lawful for the assessor \* \* \* to deduct from such valuation any debt or debts *bona fide* due and owing from such individual to creditors residing within this state \* \* \*.

Paragraph 109 of the *Revision* (at 1163) provided:

That hereafter no mortgage or debt secured thereby shall be assessed for taxation unless a deduction therefor shall have been claimed by the owner of the land and allowed by the assessor.

Paragraph 110 of said *Revision* (at 1163) provided:

That hereafter such mortgages or debts secured thereby as shall be subject to taxation shall be assessed for taxation by the assessor making the deduction on account thereof, and the tax thereon shall be collected by the collector of taxes in and for the township or city wherein the lands in the mortgage described are situate.

Under the portions of the statutes quoted above the holder of a mortgage was not subject to tax unless the mortgagor claimed, and the assessor allowed, a deduction from the assessment of real estate an amount equal to the unpaid principal of the mortgage. As a practical matter, a mortgagor

who claimed a deduction for such debt saved a dollar amount equal to the unpaid principal of the mortgage multiplied by the applicable tax rate and imposed a similar tax on the mortgagee; hence by taking the deduction, the mortgagor realized a fund of tax dollars with which to pay his, her or its interest, *i. e.,* a credit against taxes.

In *L.* 1903, *c.* 208, § 2 the Legislature provided in relevant part:

All property, real and personal, within the jurisdiction of this state, not expressly exempted by this act, or excluded from its operation, shall be subject to annual taxation at its true value under this act * * *.

Section 10 provided:

No mortgage or debt secured by mortgage on real property which is taxed in this state shall be listed for taxation, and no deduction from the assessed value of real property shall be made by the assessor on account of any mortgage debt, but the mortgagor or owner of the property paying the tax on mortgaged real property shall be entitled to credit on the interest payable on the mortgage for so much of the tax as is equal to the tax rate applied to the amount due on the mortgage, except where the parties have otherwise agreed, or where the mortgage is an investment of funds not subject to taxation.

Section 13 permitted deduction of debts against the value of all personal property and then provided:

* * * no mortgage on personal property, or on both personal and real property, or the debt secured by such mortgage, shall be assessed for taxation unless a deduction therefor shall have been claimed by the owner of such mortgaged property and allowed by the assessor * * *

Section 16 provided for the taxation of corporations and provided in part:

* * * mortgages owned by corporations shall be exempt from taxation to the same extent as when owned by natural persons, and the value thereof shall be deducted from the value of the capital stock or per-

sonal property * * * subject to taxation; *provided,* that this shall not affect or reduce any franchise tax.

Section 18 provided for the taxation of certain insurance corporations without express mention of mortgages.

Section 10 of *L.* 1903, *c.* 208, is the antecedent of *N. J. S. A.* 54:4–33. The Legislature embodied in law what the practical effect of the earlier law had been, and by prohibiting deductions against assessed values made the administration of the real estate laws easier. The Legislature left to the parties the ability to contract concerning where the tax burden would fall. Further, the Legislature provided that there would be no credit against interest where there could be no tax on the mortgage by reason of exemption. In *Hartshorne v. Avon-by-the-Sea,* 75 *N. J. L.* 407 (Sup. Ct. 1907) Justice Swayze said:

The revised Tax act of 1903 expressly enacts that no deduction from the assessed value of real property shall be made by the assessor on account of any mortgage debt. It is suggested that this provision does not apply to the present case because of an exception of mortgages which are an investment of funds not subject to taxation. To this contention there are two answers: *First.* The exception has no relation to the deduction of mortgages from the assessed value of real property, but relates only to the right of the mortgagor to an abatement of interest by reason of the taxes paid by him. This abatement is to be allowed except where the parties have otherwise agreed or where the mortgage is an investment of funds not subject to taxation. It would be a very unnatural construction which would make one of these exceptions, which are connected by the conjunction "or," relate back to the earlier portion of the section. * * * [75 *N. J. L.* at 407–408]

Justice Swayze then went on to say that the act under which the mortgages were claimed to be exempt was unconstitutional and that the effect of the statute was to make the interest rate on mortgages a net rate with the effect of lowering interest rates on mortgages generally.

Rosenbaum is in error in stating that *L.* 1904, *p.* 283, amended § 10 quoted above to provide for the exception "where the mortgage is an investment of funds not subject to tax-

ation * * *." The said *L.* 1904 did add the third exception, "or where the parties have lawfully agreed that no deduction shall be made from the taxable value of the lands by reason of the mortgage." Although it is speculation by this court, it is probable that this language was intended to cover the situation where a mortgagor gave a mortgage on personal property and land and could claim a deduction under § 13 of *L.* 1903, *c.* 208, quoted above, but had agreed not to and therefor should not be entitled to a credit. In any event, the three exceptions now found in *N. J. S. A.* 54:4–33 were enacted by 1904.

 Based on the cases cited above and the language of the statutes quoted above, the court concludes that as of 1904 the Legislature intended to avoid the popular notion of double taxation by not taxing mortgages and by leaving to the parties where the burden of taxation should fall by either waiving or allowing the credit against interest with one notable exception. Based on the decisions above of which the Legislature is presumed to have been aware, *State v. Moresh,* 122 *N. J. L.* 77, 79 (E. & A. 1938); *D. L. & W. R. Co. v. Division of Tax Appeals,* 3 *N. J.* 27 (1949), app. dism. 338 *U. S.* 946, 70 *S. Ct.* 488, 94 *L. Ed.* 583 (1950); *Barringer v. Miele,* 6 *N. J.* 139, 144 (1951), the Legislature did not provide for the credit "where the mortgage is an investment of funds not subject to taxation." See *Hartshorne v. Avon-by-the-Sea, supra.*

Rosenbaum has urged that since 1903 no mortgages in New Jersey have been subject to taxation; hence it is ridiculous to say that the Legislature was concerned with "double taxation" when it has reenacted the provisions now found in *N. J. S. A.* 54:4–33.

Rosenbaum urges that *Arco Co. v. Hawthorne Fuel & Ice, Inc.,* 135 *N. J. Eq.* 315 (Ch. 1944), aff'd o. b. 136 *N. J. Eq.* 514 (E. & A. 1945), supports its position. In that case Arco Co. commenced an action to foreclose a mortgage on an ice house owned by defendant for failure to pay interest due. Defendant moved to dismiss on the ground that it had paid

more to the municipality in real estate taxes than was due for interest and hence was entitled to a credit under then *R. S.* 54:4–33. The court held that the mortgage was a real estate mortgage and concluded:

The statute permits the parties to provide otherwise, and the ordinary mortgage contains a provision whereby the mortgagor waives the right to a credit or abatement for taxes. Here, however, there was no such provision in the mortgage. Complainant makes no claim that such a provision was omitted by mistake nor does it seek a reformation of the instrument. It, therefore, follows that since the defendant paid taxes in an amount which is in excess of the interest accrued as of November 15th, 1942, the mortgage is not in default and complainant cannot foreclose. The bill of complaint will, therefore, be dismissed. [135 *N. J. Eq.* at 318]

Rosenbaum urges that under the provisions of then *R. S.* 54:4–33[1] mortgages in New Jersey were not subject to taxation but nevertheless the court in the *Arco Co.* case, *supra,* permitted the credit; hence that case is precedent for what it seeks here. Rosenbaum then urges that the Legislature intended by the language now found in *N. J. S. A.* 54:4–33 to require mortgagees to share a portion of the tax burden on the real property unless they demanded and received an agreement to the contrary from the mortgagors or unless the mortgagees were exempt from tax. Rosenbaum does not attribute any purpose to the third exception.

The court does not agree that the *Arco Co.* case, *supra,* is support for Rosenbaum's position. So far as the reported

---

[1] *R. S.* 54:4–33 provided:

No mortgage or debt secured by mortgage on real property which is taxed in this state shall be listed for taxation, and no deductions from the assessed value of real property shall be made by the assessor on account of any mortgage debts, but the mortgagor or owner of the real property shall be entitled to credit on the interest payable on the mortgage for so much of the tax as is equal to the tax rate applied to the amount due on the mortgage, except where the parties have otherwise agreed, or where the mortgage is an investment of funds not subject to taxation, or the parties have lawfully agreed that no deduction shall be made from the taxable value of the lands by reason of the mortgage.

decision reveals, the present question was not argued and certainly was not decided.

In respect to the second contention of Rosenbaum that the Legislature intended to shift a portion of the tax burden on real estate to the mortgagee unless the parties agreed otherwise, that contention only had merit during the period that mortgages were subject to taxation on the mortgage debt based on the authorities cited above.

In 1945 the Legislature repealed the tax on intangible personal property except in respect to certain insurance companies. *L.* 1945, *c.* 163, § 1, provided in relevant part:

Personal property taxable under this chapter shall include, however, only tangible goods and chattels and shall not include any intangible personal property whatsoever whether or not such personalty is evidenced by a tangible or intangible chose in action, except as otherwise required by section 54:4–20, 54:4–21 and 54:4–22.

By *L.* 1950, *c.* 100 and *c.* 101 the tax on insurance companies was changed to a franchise tax instead of a personal property tax, and the exceptions to taxation on intangibles were repealed. The repeal of the tax on mortgages occurred 19 years before the mortgage loan in question was made.

*N. J. S. A.* 54:4–33 now provides:

No deduction from the assessed value of real property shall be made by the assessor on account of any mortgage debt, but the mortgagor or owner of the property paying the tax on mortgaged real property shall be entitled to credit on the interest payable on the mortgage for so much of the tax as is equal to the tax rate applied to the amount due on the mortgage, except where the parties have otherwise agreed, or where the mortgage is an investment of funds not subject to taxation, or where the parties have lawfully agreed that no deduction shall be made from the taxable value of the lands by reason of the mortgage.

The last amendment to this section of the statute is found in *L.* 1945, *c.* 163, § 6, which deleted the following language from *R. S.* 54:4–33:

No mortgage or debt secured by mortgage on real property which is taxed in this state shall be listed for taxation.

The reason for this deletion is found in § 1 of *L.* 1945, *c.* 163, quoted above, eliminating the tax on intangibles.

Since the purpose of the credit was, as stated above, to eliminate the popular concept of double taxation, and the Legislature reenacted these sections when that was possible, the court concludes that the Legislature retained these provisions in 1945 and 1950 so as not to disturb the contractual arrangements which had been worked out in reliance upon them, for it is common knowledge that mortgages frequently run for many years.

Since the Legislature has removed any possibility that the mortgage funds will be subject to tax as such, the court concludes that the exception "where the mortgage is an investment of funds not subject to taxation" under *N. J. S. A.* 54:4–33 is presently applicable.

Rosenbaum's contention that the statute should be construed to mean the Legislature intended to split the burden of paying taxes on the real estate is contrary to the history of the legislation set forth above and is also contrary to the established duty of a mortgagor to pay municipal taxes which may become a paramount lien ahead of the mortgage even in the absence of an express covenant to do so. See *South Amboy Trust Co. v. McMichael Holdings, Inc.,* 141 *N. J. Eq.* 12, 15–17 (Ch. 1947); *Barry, Inc. v. BAF, Limited,* 3 *N. J. Super.* 355 (Ch. 1949); hence, where the mortgagor appropriates the whole or a part of the income to the mortgagor and does not pay the taxes, the mortgagee has a right to pay them and seek to collect them in foreclosure.

The court cannot find any basis that the Legislature's purpose was to split the burden of paying taxes on real estate as suggested by Rosenbaum but did intend to provide against double taxation. The condition under which the credit is available does not exist at present because mortgage funds are not taxable. The court therefore grants American's motion for summary judgment. No costs.